### No. 11408.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1945.

## MANHATTAN RY. CO. et al. v. CITY OF NEW YORK et al.

### No. 125.

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1945.

Writ of Certiorari Denied March 4, 1946.

See 66 S.Ct. 704.

W. Gregory Smith, of Jacksonville, Fla., for appellant.

656

John B. Doyle, of New York City (Charles Franklin, of New York City, on the brief), for appellants.

Leo Brown, of New York City (Ignatius M. Wilkinson, Corp. Counsel, and Benjamin Offner, both of New York City, on the brief),. for appellee The City of New York.

Duer, Taylor, Wright & Woods, of New York City (John S. Chapman, Jr., of New York City, of counsel), for appellees Theodore S. Watson and others, as a Committee for the Guaranteed 7% Stock of Manhattan Railway Co.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

■ By this petition—dismissed below on motion of the City of New York—petitioners seek in substance to obtain further allowances from the City of New York for the legal services of petitioner Franklin as solicitor and general counsel of the Company in the receivership proceeding of it and the Interborough Rapid Transit Company, beyond that sanctioned by us in Franklin v. City of New York, 2 Cir., 144 F.2d 571, certiorari denied 324 U.S. 847, 65 S.Ct. 684. But we there held that, according to the very explicit language of the Unification Plan, Franklin was entitled to only such compensation from the City as the District Court allowed him in the receivership proceedings according to the principle that allowance of counsel fees is controlled by the benefit brought to the receivership estate. Recovery is now sought through imposition of an equitable lien or a statutory attorney's lien under §§ 474 and 475 of the N.Y. Judiciary Law, Consol.Laws N.Y. c. 30, upon a reserve fund of the Manhattan stockholders or upon certain assets passing from Manhattan to the City under the Plan. Legal fees in the receivership are governed not by any general equitable principles, but by the Plan itself; and our earlier interpretation of its terms is final. The claims themselves being barred, the assertion of a lien as security for their collection must obviously fail.

■■ Equally unimpressive is petitioners' further claim that the Plan should be reformed to provide for such additional payments to Franklin. Passing the point that this contention should have been raised in the earlier proceeding, we find it sufficient to say that no convincing evidence is offered of a prior contract with Manhattan and the City; and in any case, the preliminary arrangements must be assumed to have been incorporated in the final plan. Indeed the language now described as "plainly unskillful, inadequate and unintentional" was suggested by Franklin himself and adopted pursuant to hearings and court proceedings in which he actively participated. We see no basis for now upsetting the earlier decision.

Affirmed.